IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRIAN OBST, et al., | ) | 4:15CV3054 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA DEPARTMENT OF | ) | |
| CORRECTIONS, FRED BRITTON, | ) | |
| and SCOTT FRAKES, | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court for case management. Brian Obst filed a Complaint (Filing No. 1) on May 26, 2015, concerning prison conditions at the Diagnostic and Evaluation Center in Lincoln, Nebraska. Numerous prisoner plaintiffs signed the Complaint and numerous others have filed motions in this case seeking to proceed as plaintiffs. They include: Andre Thomas, Anthony Hancock, Brian Obst, Brian Spotts, Chris McWilliams, Cory Mattly, DeAnthony McGuire, Eric Berning, Ernest Lawrence, Josh Lawver, Justin James Seffron, Kenneth Hoelk, Kurt Brown, Lamont Stuart, Matthew Miller, Matthew Meyer, Michael Fleming, Orlando Brewer, Ricky Fletcher, Scott Kornahrens, Thad Junge, Walter Minshall, and William Jordan.

    Brian Obst delivered the Complaint to the court, and his name appears first on the pleadings. Therefore, the court considers Brian Obst the "lead plaintiff" in this case. The court considers the other individuals listed above the "co-plaintiffs" in this case.

    Prisoners are allowed to file joint civil rights complaints in this district if the criteria of permissible joinder under Federal Rule of Civil Procedure 20 are satisfied. However, pursuant to the Prison Litigation Reform Act, each prisoner in a joint action must pay the full civil filing fee, even if he is permitted to proceed in forma pauperis.

*See* 28 U.S.C. § 1915(b)(1); *Cole v. Houston*, No. 4:06cv3314, 2007 WL 1309821 (D. Neb. March 30, 2007). In other words, each prisoner in a joint action must pay the full civil filing fee, just as if he had filed the suit individually.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in the federal courts, this court will alert the plaintiffs to the individual payment requirement, as well as other risks they face in joint pro se litigation.[1] The court offers the co-plaintiffs an opportunity to withdraw from this litigation before the case progresses further. Each of the co-plaintiffs should consider the following points when deciding whether or not to withdraw as a plaintiff from this case:

- He must pay the full $350 filing fee, either in installments or in full, regardless of whether this action is dismissed, severed, or allowed to proceed as a group complaint.
- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.
- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.
- He will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.[2]

---

[1] *See Kirkendall v. Justus*, Case No. 14-cv-772-JPG, 2014 WL 3733971 (S.D.Ill. July 29, 2014) (providing notice to prisoners of the potential negative consequences of joining group litigation and providing them an opportunity to withdraw from the litigation).

[2] *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

- In screening the complaint, the court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

All of the plaintiffs must note that any proposed amended complaint or other document filed on behalf of multiple plaintiffs must be signed by each of the plaintiffs. As long as the plaintiffs appear without counsel in this action, each plaintiff must sign documents for himself. *See* Fed. R. Civ. P. 11. A non-attorney cannot file or sign papers for another litigant. All of the plaintiffs are WARNED that future group motions or pleadings that do not comply with this requirement will be stricken pursuant to Rule 11(a).

IT IS ORDERED that:

1. Each co-plaintiff—Andre Thomas, Anthony Hancock, Brian Spotts, Chris McWilliams, Cory Mattly, DeAnthony McGuire, Eric Berning, Ernest Lawrence, Josh Lawver, Justin James Seffron, Kenneth Hoelk, Kurt Brown, Lamont Stuart, Matthew Miller, Matthew Meyer, Michael Fleming, Orlando Brewer, Ricky Fletcher, Scott Kornahrens, Thad Junge, Walter Minshall, and William Jordan—has 30 days to advise the court in writing whether he wishes to continue as a plaintiff in this group action. If, by that deadline, any co-plaintiff advises the court that he does *not* wish to participate in the action, he will be dismissed from the lawsuit and will *not*

---

granted, unless the prisoner is under imminent danger of serious physical injury.").

be charged a filing fee for this action.[3] **This is the only way to avoid the obligation to pay a filing fee for this action.**

Alternatively, if any plaintiff wants to pursue his claims individually in a separate lawsuit, he must so advise the court in writing, and his claims will be severed into a new action where a filing fee will be assessed.

2. Each co-plaintiff who chooses to continue as a plaintiff, either in this action or in a severed individual case, is hereby ORDERED to pay a fee of $400.00[4] or file a properly completed motion for leave to proceed in forma pauperis ("IFP") within 30 days. The clerk of the court is directed to send the Form AO240 to each of the co-plaintiffs—Andre Thomas, Anthony Hancock, Brian Spotts, Chris McWilliams, Cory Mattly, DeAnthony McGuire, Eric Berning, Ernest Lawrence, Josh Lawver, Justin James Seffron, Kenneth Hoelk, Kurt Brown, Lamont Stuart, Matthew Miller, Matthew Meyer, Michael Fleming, Orlando Brewer, Ricky Fletcher, Scott Kornahrens, Thad Junge, Walter Minshall, and William Jordan.

Failure to submit a properly completed IFP motion does not relieve a co-plaintiff of the obligation to pay a filing fee, unless he also submits timely written notice that he does not intend to proceed with the action. **Any co-plaintiff who simply does not respond to this Memorandum and Order within 30 days will be obligated to pay the full filing fee and will also be dismissed from this action for**

---

[3]As the lead plaintiff, Brian Obst may not escape his obligation to pay the filing fee for this action, which was incurred when the action was filed. *See* 28 U.S.C. § 1915(b)(1); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

[4]A Plaintiff whose application for pauper status is approved will be charged a filing fee of only $350.00, as he is not subject to the $50.00 administrative fee assessed to non-IFP plaintiffs.

**want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

3. The plaintiffs are again WARNED that future group motions or pleadings that do not comply with the group pleading requirements discussed herein shall be stricken pursuant to Rule 11(a).

4. The plaintiffs are further ADVISED that each of them is under a continuing obligation to keep the court informed of any change in his address.

5. The pending Motions for Leave to Proceed in Forma Pauperis (Filing Nos. 7, 8, 9, 10, 11, 12, and 17) are denied without prejudice to reassertion. As set forth above, this action will not proceed as to any plaintiff unless he advises the court within 30 days that he wishes to continue as a plaintiff in this group action.

6. All other pending motions (Filing Nos. 13, 14, 15, 16, and 18) are denied because they do not comply with group pleading requirements. In other words, all motions seeking relief on behalf of multiple plaintiffs must be signed by all plaintiffs.

7. The clerk of the court is directed to send a copy of this order to each of the following individuals: Andre Thomas, Anthony Hancock, Brian Obst, Brian Spotts, Chris McWilliams, Cory Mattly, DeAnthony McGuire, Eric Berning, Ernest Lawrence, Josh Lawver, Justin James Seffron, Kenneth Hoelk, Kurt Brown, Lamont Stuart, Matthew Miller, Matthew Meyer, Michael Fleming, Orlando Brewer, Ricky Fletcher, Scott Kornahrens, Thad Junge, Walter Minshall, and William Jordan.

DATED this 10th day of June, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.